## Joseph Penny *v.* Henry Carl.

An award made by arbitrators appointed under an agreement of reference, without fixing a day for the hearing of the parties, and without taking any other oath than such as appears at the foot of their report—" sworn and subscribed," &c.—is a nullity.

C. P. 450.

APPEAL from the District Court of East Baton Rouge, *Robertson,* J. *Dunn,* for plaintiff. *Bradley,* for defendant and appellant.

Voorhies, J.   On the 22d July, 1850, *Joseph Penny* and *Henry Carl* entered into an agreement to submit to arbitrators the differences arising between them in relation to the settlement of the accounts of their partnership in a plantation and wood business.   One of the clauses of this agreement is as follows:

" They further stipulated that said arbitrators shall, after examining their respective claims and hearing evidence that either party may produce, make an award, to be returned to the Sixth District Court for the Parish of East Baton Rouge, and to have, on rule taken by either party against the other, the force and effect of a judgment; and the parties further bind themselves under the penalty of $500, to stand to and abide by the award made by said arbitrators, and not contravene the same."   It was further covenanted, that the award, agreement, and all other papers submitted to the arbitrators, should be filed with the clerk of the court.   This was done on the 6th of September, 1850. The account stated by the arbitrators, which accompanies their award, shows that *Carl* is indebted to *Penny* in the sum of $737 68.

On the 9th of the same month, *Carl* filed a petition, setting forth the agreement and the award of the arbitrators, and that the award was null and void on the following, among other, grounds: That the arbitrators were not sworn; that no day was fixed for the hearing; that the witnesses were not put upon oath, &c.; and also alleged that *Penny* was indebted to him in the sum of $1,417 28.   He therefore prayed that *Penny* be cited to answer his petition, and condemned, on declaring said award null and void, to pay him said sum of $1,417 28, with legal interest from judicial demand.

On the 18th September, 1850, *Penny* ruled *Carl* to show cause why the award should not be homologated.   To this rule *Carl* answered, adopting the allegations of his petition, and praying that the same be cumulated and tried with the action thus instituted by him, the award rejected, and judgment rendered in his favor for the amount claimed in his petition.

In dissolving this rule on the 9th July, 1851, the judgment of the District Court declares:   " The pretended award not being homologated, neither is it definitely rejected—its merits to be inquired of on future audience, a day to be assigned to hear the witnesses to prove the alleged objection to the pretended award."

The only evidence of the oath taken by the arbitrators is the following certificate at the foot of their report:   " Sworn to and subscribed before me, this 29th August, 1850.—*John R. Dufrorg, J. P.*"   This is clearly insufficient under the ruling in *Lock et al* against *Dakin & Dakin,* 15 L. R. 425.   The second objection, that no day was fixed for the hearing by the arbitrators, is equally fatal. C. P. 450.   The award must therefore be considered as a mere nullity.

These cases having been cumulated, the District Court rendered judgment in favor of *Penny*, against *Carl*, for the sum of $737 68, adopting as the basis thereof the award of the arbitrators, and the latter appealed.

We think the judge *a quo* erred. The award of the arbitrators should not have been made the basis of the judgment.

The evidence taken after the filing of the report of the arbitrators, shows that *Carl* admitted all the items, with the exception of three, of the account of *Penny* against him, which formed the basis of the award of the arbitrators. The item of $205, paid on *Carl's* note in favor of Mrs. *Lilly*, is satisfactorily proved by the testimony of the latter. The item of $15, for expenses to New Orleans, is the only item we find unsupported by evidence. The credit side of *Penny's* account exhibits $957 35, received for wood, as per statement; $136 received from *Carl*, $17 50 from *Mays*, and $45, half the salvage on a lot of cotton, making an aggregate of $1,156 33. This amount, it will be observed, is partly composed of credits of the partnership and of *Carl*. The debit side, amounting to $1,879 03, is also composed of items chargeable both to *Carl* and to the partnership: hence the error in the award of the arbitrators, and of the judgment of the District Court. But the evidence in this respect is entirely insufficient to enable us to adjust the rights of the parties.

It is therefore ordered and decreed, that the judgment of the District Court be avoided and reversed, and the case remanded for further proceedings according to law, the costs of the appeal to be paid by the appellee.